LILLIAN McGRATH, AS ADMINISTRATRIX *AD PROSEQUENDUM* OF THE ESTATE OF CHARLES E. McGRATH, DECEASED, ETC., PLAINTIFF-RESPONDENT, v. AMERICAN CYANAMID CO., *ET AL.*, DEFENDANTS, AND THE GLENWAL CO., INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Argued November 19, 1963—Decided December 16, 1963.

*Mr. Harvey G. Stevenson* argued the cause for appellant (*Messrs. Stevenson & Willette,* attorneys).

*Mr. Harold M. Savage* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. In connection with its work on a construction job the Glenwal Co., Inc., erected a temporary "catwalk" over a deep channel or trench, consisting of four-by-fours laid across the cut with planks on top of the four-by-fours and running at right angles to them. The deceased, employed at the job by an unrelated contractor, was killed when a plank up-ended, causing him to fall through the catwalk. His representative obtained a jury verdict. The Appellate Division affirmed, but one judge dissenting, Glenwal appealed further to us as of right. *R. R.* 1:2–1(b).

Glenwal contends there was no evidence from which it could be found that it (1) owed decedent a duty of due care, or (2) breached that duty. The majority of the Appellate Division found the proof was adequate, and we agree.

Glenwal also urges the record reveals that decedent "assumed the risk." The trial court instructed the jury upon that topic and both opinions in the Appellate Division discussed the subject.

In *Meistrich v. Casino Arena Attractions, Inc.,* 31 *N. J.* 44 (1959), we pointed out that assumption of the risk was theretofore used in two incongruous senses: in one sense it meant the defendant was not negligent, while in its other sense it meant the plaintiff was contributorily negligent. We said that in truth there are but two issues — negligence and contributory negligence—both to be resolved by the standard of the reasonably prudent man, and that it was erroneous to suggest to the jury that assumption of the risk was still another issue.

It was our hope that after *Meistrich* the bench and bar would focus upon the true issues, but unhappily some cling to the terminology of assumption of risk and continue to be misled by it even while purporting to think of it as merely a convertible equivalent of negligence or contributory negligence.

Thus, although Glenwal says it urged assumption of risk in the sense of no negligence, it seems to us that the trial

court left it with the jury in the sense of contributory negligence and indeed stated it erroneously, the error however running against the plaintiff rather than against Glenwal.

So also, both opinions in the Appellate Division appear to say that if the deceased appreciated the danger, that appreciation alone would have barred him. Such appreciation, however, would not have sufficed, and this would be clear if the case were approached in uncomplicated terms of negligence and contributory negligence. Thus approached, the issue of defendant's breach of duty would be two-fold: (1) whether the danger was due to a failure to exercise due care or (2) if it was a danger which due care would not have avoided, nonetheless would due care require notice or warning to the decedent. Decedent's appreciation of the danger would be pertinent as to (2), for there would be no need to inform one of a danger he already knows. On the other hand, if the danger was created by defendant's breach of duty, that negligence would not be dissipated merely because the deceased knew of it. Negligence would remain, but such knowledge would take us to the question of contributory negligence, and the deceased would not be barred on that account simply because he knew of the hazard. Rather the issue would be whether the deceased acted as a reasonably prudent man in view of that known risk. We could not hold as a matter of law that a man who must work to live is necessarily negligent whenever he continues at work after learning of a hazard. As we said in *Meistrich,* the question for the jury in such cases is whether the plaintiff failed "to use the care of a reasonably prudent man under all of the circumstances either in incurring the known risk [*i. e.,* staying on the job] or in the manner in which he proceeded in the face of that risk." (31 *N. J.* 55.)

In *Meistrich* we said the terminology of assumption of the risk should not be used when it is projected in its secondary sense, *i. e.,* that of contributory negligence (31 *N. J.,* at *p.* 55). We thought, however, that "[p]erhaps a well-guarded

charge of assumption of risk in its primary sense will aid comprehension" (*p.* 54). We added (*p.* 55):

"\* \* \* With respect to its primary sense, it will not matter whether a trial court makes or omits a reference to assumption of the risk, provided that if the terminology is used the jury is plainly charged it is merely another way of expressing the thought that a defendant is not liable in the absence of negligence; that a plaintiff does not assume a risk defendant negligently created, *cf. Ford v. Reichert*, 23 *N. J.* 429, 434 (1957); and that if defendant is found to have been negligent, plaintiff is barred only if defendant carries the burden of proving contributory negligence, *i. e.*, plaintiff's failure to use the care of a reasonably prudent man under all of the circumstances either in incurring the known risk or in the manner in which he procceded in the face of that risk."

Experience, however, indicates the term "assumption of risk" is so apt to create mist that it is better banished from the scene. We hope we have heard the last of it. Henceforth let us stay with "negligence" and "contributory negligence."

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.