Isias **ROSAS**, Appellant,

v.

**BUDDIE'S FOOD STORE**, Appellee.

No. 17492.

Court of Civil Appeals of Texas,
Fort Worth.

April 26, 1974.

Rehearing Denied May 24, 1974.

Bean, Francis, Ford, Francis & Wills, and Charles Ford, Dallas, for appellant.

Crumley, Murphy & Shrull, and Roswald E. Shrull, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a slip and fall case.

On the day of the accident, the entrance to appellee's store became wet as a result of water dripping from customer's clothing, and water being tracked in on customer's shoes. The appellant stepped from his car, walked across the wet parking area between his car and the store entrance at a time when it was raining and fell shortly after entering appellee's store.

After the depositions of Isias Rosas, the appellant, and Dudley Knox, the appellee's manager of the store in question, were taken, the appellee filed a motion for summary judgment which was answered in writing by the appellant. The trial court, based upon the depositions mentioned above and appellee's motion for summary judgment, found that (1) there was no genuine issue as to a material fact; (2) there was no proof of a dangerous condition existing in appellee's store; and (3) that the proof was no more than proof of a normal and natural condition during a rain. Accordingly, the trial court granted the appellee's motion for summary judgment that appellant take nothing.

Appellant has perfected this appeal from the court's ruling contending that it erred in granting the summary judgment because (1) there is a genuine issue as to a material fact, and (2) there is proof of a dangerous condition existing in appellee's business which caused the injuries to appellant.

We affirm.

The deposition of Isias Rosas, age 54, of 532 Elm, Arlington, Texas, is summarized in the paragraphs next following.

He drives a tractor for a Mr. Green, a farmer; he did not work the day of the accident because it had been raining. The accident was on Friday, April 25, 1970, at Buddie's Supermarket, about 5:00 P.M. The weather was raining, streets were wet, and the sidewalk in front of the store was wet. He had gone to the store to buy groceries. He stepped through the automatic opening doors and fell a few feet inside the door, beyond a rubber mat. Mr. Cruz Lopez, a friend of Mr. Rosas was with him. Mr. Rosas testified: that the tile floor was wet "From the water that was being tracked in in the rain." He did not see the water on the floor as he went in, only after he fell did he see it. The water was just in front of the door where the people come in and go out, it did not extend very far into the store, just right there by the door.

Mr. Rosas was wearing sneakers or tennis shoes. The record is not clear on this point.

The deposition of Dudley Knox, night manager of Buddies No. 8, located at 1516 East Abrams, Arlington, Texas, is summarized in the paragraphs next following.

He was on duty on April 25, 1970, date of accident in question. He remembered "it had been raining that day . . . people walk in . . . from the parking lot or sidewalk, well, they naturally carry water with them. . . . And you have to keep continually mopping, but it doesn't serve a purpose, it's impossible. . . . we had a mop up front, and was continually doing it (mopping up). . . . I did a lot of it myself. . . . Every time you would see some water and get an opportunity, you would mop it up; but it still won't serve your purpose, because you have got to sweep it, . . . ." Knox further stated that no mats were put down; no one was continually mopping but the floor was mopped "real frequently." Mr. Knox was asked, "Did you observe him, prior to his fall or just prior to his fall, doing anything that would have been, in your opinion, careless about his own behavior? A. Oh, no. He just walked straight into the store, and didn't get as far as here from there (indicating) until his feet flew out. He just walked in naturally like you would anywhere, and his feet went yonder." He further testified that the floor was "slick." He could tell that the floor was slick from where he was sitting in the office. On cross-examination Knox was asked: "And you were then performing, on this occasion . . . the proper maintenance on the front of the store, and that is to mop and keep the water . . . . A. To a minimum." Mr. Rosas had entered the store about six or eight feet before he fell. Mr. Knox had mopped the floor a few minutes before Mr. Rosas fell.

The duty owed to an invitee by an occupier or proprietor during inclement weather conditions was set forth in an opinion by Justice Pope in the case of Camp v. J. H. Kirkpatrick Co., 250 S.W.2d 413 (San Antonio Civ.App., 1952, ref., n. r. e.). This was a slip and fall case in which an instructed verdict in favor of the defendant building owner was affirmed by the San Antonio Court of Civil Appeals. The court in Camp v. J. H. Kirkpatrick Co., supra, held that, "Rather than proof of a danger, this is no more than proof of a normal and natural condition during a moderate rain. There is no duty on a proprietor to stay the elements, nor to continuously mop during a shower."

The law concerning slip and fall cases during inclement weather conditions as promulgated in Camp v. J. H. Kirkpatrick Co., supra, was followed in Hodge v. Quik-Pik Icehouse, 445 S.W.2d 266 (San Antonio Civ.App., 1969, no writ hist.) wherein the Court stated: "The facts of this case are very similar to those considered by this Court in Camp v. J. H. Kirkpatrick Co., 250 S.W.2d 413 (1952, writ ref'd n. r. e.). There, as here, there was evidence to the effect that the surface on which plaintiff fell was wet from water tracked in by people with wet shoes.

Rather than proof of a danger, this is 'no more than proof of a normal and natural condition' resulting from rain."

█ Appellant contends that the deposition testimony of appellee's store manager that the floor was wet and looked slick is sufficient to raise a fact question for jury determination. We think not. This testimony is not a material fact issue unless the trial court finds that there was a duty and that the danger was not open and obvious. Under all of the facts presented by this appeal the danger, if any, was open and obvious and there was no duty.

In his brief the appellant attempts to explain why he failed to see the water on the floor by referring to the appellee's store manager's deposition testimony that the color of the floor was brown, the worst color you could get.

The store manager did not testify that it was hard to see water on this brown floor.

In the case of Parker Food Stores, Inc. v. Pierce, 374 S.W.2d 699 (Fort Worth Civ.App., 1964, ref. n. r. e.), a slip and fall case, the court held that, "A dark colored floor is not inherently dangerous. If, however, it may be assumed that there is something dangerous about a dark colored floor, appellant nevertheless cannot be held liable to appellee for any injury resulting therefrom. The color and condition of the floor was open and obvious to appellee, and appellant had no duty to protect him . . . . ."

█ Appellant's deposition testimony reflects that he had been to this store before and undoubtedly was familiar with its floor. Appellee's brown floor is not inherently dangerous and it cannot be held liable to appellant therefor.

We are of the opinion and hold that the facts of this case are governed by the holdings in Camp and Hodge. To the same effect see Spragins v. Jiffy Food

Stores, Inc., 492 S.W.2d 719 (Fort Worth Civ.App., 1973, no writ hist.).

Accordingly the judgment of the trial court is affirmed.