NO. 07-00-0343-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 25, 2001

______________________________

ELIZABETH PERRY,

Appellant

v.

K-MART CORPORATION, 

Appellee

_________________________________

FROM THE 99th JUDICIAL DISTRICT, LUBBOCK COUNTY;

NO. 98-504-080; HON. MACKEY K. HANCOCK, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Elizabeth Perry appeals from a summary judgment entered in favor of K-Mart Corporation.  Through her sole point, she contends that the trial court erred in granting K-Mart’s no evidence motion for summary judgment.  We agree and reverse the judgment.

Background

Perry sued K-Mart for negligence (premises liability) after a wooden object three feet high, three feet wide, and six inches deep, weighing 50 to 60 pounds fell on her.  K-Mart used the object and others like it to block passage through aisles or lanes in front of closed cash registers.  Perry was bypassing one of the objects when it fell on her foot.  

After joining issue, K-Mart moved for summary judgment.  It contended that Perry had no evidence illustrating that the object, which one of its employees described as a big solid wooden square block, posed an unreasonable risk of harm to its invitees.  So too did it allege that its opponent had no evidence that it knew the big block posed an unreasonable risk of harm.  Perry attempted to defeat the motion by tendering a response and evidence which she believed created a material issue of fact.  Yet, her attempt was unsuccessful for the trial court granted the motion and entered a final judgment denying her relief.

Standard of Review

The standard of review applicable to no evidence motions for summary judgment is well-settled and need not be reiterated.  We find it sufficient to merely cite the parties to this court’s decision in 
Roth v. FFP Operating Partners, L.P.
, 994 S.W.2d 190 (Tex. App.--Amarillo 1999, pet. denied) and to Texas Rule of Civil Procedure 166a(i) for an explanation of same.

Next, no one disputes that Perry was an invitee of K-Mart when the incident allegedly occurred.  Thus, K-Mart had the duty to exercise reasonable care to protect her against danger from a condition on the property that created an unreasonable risk of harm of which it knew or by the exercise of reasonable care should have known.  
CMH Homes, Inc. v. Daenen
, 15 S.W.3d 97, 101 (Tex. 2000); 
H.E. Butt Grocery Co. v. Resendez
, 988 S.W.2d 218, 219 (Tex.1999).  Since the motion for summary judgment at bar merely addressed the presence of a condition which posed an unreasonable risk of harm and K-Mart’s knowledge of same, we limit our review to those elements.

 
Application of Standard

Unreasonable Risk of Harm

 
Whether a condition poses an unreasonable risk of harm depends upon whether an ordinarily prudent individual could foresee that harm was a likely result of the condition.  
Rosas v. Buddies Food Store
, 518 S.W.2d 535, 537 (Tex.1975).  If such a reasonable person could foresee that harm was a likely result, then the condition constitutes an unreasonable risk of harm.  
Id.
  And, while there is no bright-line test which may be applied to resolve the question, evidence of other incidents attributable to the same object, defects in the object, and like indicia are probative.  
Id.
 (quoting
 Seideneck v. Cal Bayreuther Assoc.
, 451 S.W.2d 752 (Tex. 1970)).

Appearing of record is evidence from K-Mart’s own employees that the objects 1) were solid wood, 2) weighed 50 to 60 pounds and were “pretty heavy,” 3) measured three feet high, three feet wide, and six inches deep, 4) “weren’t very sturdy,” 5) wobbled “if you touched them,” 6)  were not held in place by anything
, 7) “fall over real easy [sic],”
 7) fell over in the past, 8) were used to block egress through closed cash register lanes, and 8) were “bypassed” by customers who regularly “cut through the lanes.”  Furthermore, one of these employees allegedly told Perry (after the block struck her) that “they don’t put these up very well.”  From this evidence and the reasonable inferences therefrom, 
a person of ordinary prudence could conclude that placing a large, heavy, unsturdy, unsupported block of wood (which has fallen in the past) in a locale wherein people are known to traverse and come in contact with it is a condition posing an unreasonable risk of harm.  Thus, more than a scintilla of evidence appears of record establishing this particular element of Perry’s cause of action.

Knowledge of the Condition

As mentioned in 
CMH Homes
, the core of the duty at issue depends upon the landowner’s actual or constructive knowledge of the dangerous condition.  
CMH Homes, Inc. v. Daenen
, 15 S.W.3d at 101.  If no such knowledge existed, then no duty arose which could have been breached.  
Id.
  Regarding this matter, we cite to the evidence described above.  Again, it depicts that one or more K-Mart employees knew that 1) these objects were large, heavy, unsupported, unsturdy, and not “put . . . up very well,” 2) the objects had fallen in the past and “fall over real easy [sic],” 3) the objects were placed in locales wherein customers regularly traversed, and 4) customers often bypassed or traveled by them despite their being large, heavy, unsupported and unsturdy.  To the extent that these employees knew of these circumstances, so too did K-Mart, their employer.  
See Caton v. Kelley
, 424 S.W.2d 698, 703-704 (Tex. Civ. App.--Houston [1st Dist.] 1968, writ ref’d n.r.e.) (imputing the knowledge of an employee about the unreasonably dangerous condition of the floor to the employer).  Thus, some evidence appears of record illustrating that K-Mart had actual or constructive knowledge of the condition and the unreasonable risk of harm it posed.  

In sum, evidence of record appears which created a genuine issue of material fact regarding the presence of a condition posing an unreasonable risk of harm and K-Mart’s actual and constructive knowledge of same.  In concluding otherwise by granting K-Mart’s motion for summary judgment, the trial court erred.  

Accordingly, we reverse the final summary judgment and remand the cause for further proceedings.

Brian Quinn

   Justice

Do not publish.