Opinion issued July 15, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00702-CV

———————————

Trula Montgomery Samuel, Appellant

V.

Wal-Mart
Stores, Inc.,
Appellee



 



 

On Appeal from the 129th District Court 

Harris County, Texas



Trial Court Case No. 2008-14480

 



 

MEMORANDUM OPINION

Appellant,
Trula Montgomery Samuel, appeals the trial court’s summary judgment in favor of
appellee, Wal-Mart Stores, Inc. (“Wal-Mart”). 
In her sole issue on appeal, Samuel contends the trial court erred in
granting summary judgment in favor of Wal-Mart because there is a genuine issue
of material fact concerning whether Wal-Mart had actual or constructive notice
of the hazardous condition that caused Samuel’s fall.  We affirm.

BACKGROUND

          Samuel
was shopping at Wal-Mart when she slipped and fell.  She did not see anything on the floor before,
but after she fell, Samuel noticed that there was glitter on the floor and on
her clothes.  Samuel filed suit against
Wal-Mart based on premises liability, asserting that the substance on the floor
constituted a hazardous premises defect. 


THE MOTIONS AND THE TRIAL COURT’S RULING

Wal-Mart filed two separate motions
for summary judgment, one titled  
“Motion for Summary Judgment” and one titled “No-evidence Motion for
Summary Judgment.”  However, both motions
alleged that there was no evidence
that Wal-Mart had actual or constructive knowledge of a hazardous condition on
its premises.  Thus, Wal-Mart’s “Motion
for Summary Judgment” was a hybrid motion that included both traditional and
no-evidence grounds.  See Tex. R. Civ. P.166a(c), (i); Binur v. Jacobo, 135 S.W.3d 646, 650–51
(Tex. 2004) (permitting motions combining no-evidence and traditional grounds).


The trial court’s order stated that it granted Wal-Mart’s
Traditional Motion for Summary Judgment, which, we again note, included
no-evidence grounds.  There is no separate,
express ruling on Wal-Mart’s No-Evidence Motion for Summary Judgment.  The supreme court has held we “should
consider all summary judgment grounds the trial court rules on and the movant
preserves for appellate review that are necessary for final disposition of the
appeal when reviewing a summary judgment.” Cincinnati Life Ins. Co. v.
Cates, 927 S.W.2d 623, 626 (Tex. 1996) (citing former appellate rule
90(a)). The court in Cates also held “the appellate court may, in the
interest of judicial economy, consider other grounds that the movant preserved
for review and that the trial court did not rule on.” Cates, 927 S.W.2d
at 624.  Even though the trial court did
not separately rule on the no-evidence motion, that ground was before the trial
court in both motions, and we may consider it on appeal.

PROPRIETY OF SUMMARY JUDGMENT

Samuel contends the trial court erred in granting summary
judgment because there are fact issues regarding whether (1) there was a
substance on the floor that caused Samuel’s fall and (2) Wal-Mart knew,
actually or constructively, that there was a substance on the floor before
Samuel fell.

A.  
Standard of Review

 

We review a trial court’s decision to grant or to deny a
motion for summary judgment de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

Under the traditional summary-judgment
standard, the movant has the burden to show that no genuine issues of material
fact exist and that it is entitled to judgment as a matter of law. Tex. R. Civ.
P.166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true, and every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved
in its favor. Nixon, 690 S.W.2d at 548-49. A defendant moving for
summary judgment must conclusively negate at least one essential element of
each of the plaintiff’s causes of action or conclusively establish each element
of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997). 



A no-evidence motion for summary judgment is essentially a
directed verdict granted before trial, to which we apply a legal-sufficiency
standard of review. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51
(Tex. 2003). In general, a party seeking a no-evidence summary judgment must
assert that no evidence exists as to one or more of the essential elements of
the non-movant’s claims on which the non-movant would have the burden of proof
at trial.  Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston
[1st Dist.] 1999, no pet.). Once the movant specifies the elements on which
there is no evidence, the burden shifts to the non-movant to raise a fact issue
on the challenged elements. Tex. R. Civ. P.166a(i). A no-evidence summary judgment
will be sustained on appeal when (1) there is a complete absence of evidence of
a vital fact, (2) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered by the non-movant to prove a vital
fact, (3) the evidence offered by the non-movant to prove a vital fact is no
more than a scintilla, or (4) the non-movant’s evidence conclusively
establishes the opposite of a vital fact. King Ranch, 118 S.W.3d at 751.

When, as here, a party seeks both a traditional and a
no-evidence summary judgment, we first review the trial court’s decision
regarding summary judgment under the no-evidence standard.  See
Tex. R. Civ. P. 166a(i).  If the non-movant failed to produce more than
a scintilla of evidence raising a genuine issue of fact on the challenged
elements of his claim, there is no need to analyze whether the movant met his
burden on his motion for traditional summary judgment.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).

B.
Requirements for Premises Liability

Samuel was Wal-Mart’s invitee, to whom Wal-Mart owed a duty
to exercise reasonable care to protect her from dangerous store conditions
known to or discoverable by Wal-Mart. See
Wal-Mart Stores, Inc. v. Gonzalez,
968 S.W.2d 934, 936 (Tex. 1998) (citing Rosas v. Buddies Food Store, 518
S.W.2d 534, 536-37 (Tex. 1975)). This duty, however, does not make Wal-Mart an
insurer of Samuel’s safety on the premises. See id.  In
order to recover on such a claim, Samuel would have to prove:

(1)
That Wal-Mart had
actual knowledge or constructive notice of some condition on the premises;

 

(2)
 that the condition posed an unreasonable risk of
harm;

 

(3)
 that Wal-Mart did not exercise reasonable care
to reduce or eliminate the risk; and

 

(4)
 that Wal-Mart’s failure to use such care
proximately caused Samuel’s injuries.

 

See
id. (citing Keetch v.
Kroger Co., 845 S.W.2d 262, 264 (Tex.1992); Corbin v. Safeway Stores,
Inc., 648 S.W.2d 292, 296 (Tex. 1983)). Liability for knowledge of a
potentially harmful condition can be established either by:

(1) proof of actual knowledge—that employees
either caused the harmful condition or were told of the harmful condition prior
to the plaintiff’s injury therefrom; or

 

(2) proof of constructive notice—that the
harmful condition was present for so long that it should have been discovered
in the exercise of reasonable care.

 

Wright
v. Wal-Mart Stores, Inc.,
73 S.W.3d 552, 554 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing Keetch,
845 S.W.2d at 264); see also Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d
812, 814 (Tex. 2002) (“A slip-and-fall
plaintiff satisfies the notice element by establishing that (1) the defendant
placed the substance on the floor, (2) the defendant actually knew that the
substance was on the floor, or (3) it is more likely than not that the
condition existed long enough to give the premises owner a reasonable
opportunity to discover it.”).

C.
 No-Evidence Summary Judgment Analysis

Wal-Mart’s motion for summary judgment alleged that because Samuel had “failed to produce any temporal
evidence of how long the alleged glitter was on the floor prior to the accident
. . . she [could not] demonstrate knowledge or notice on Wal-Mart’s part.”   The burden then shifted to Samuel to raise a fact issue by producing more
than a scintilla of evidence on the challenged element of actual knowledge or
constructive notice. Tex. R. Civ. P.166a(i).  We hold that
she did not.

The only summary judgment evidence attached to either of
Samuel’s responses is her affidavit, in which she alleges that:

1.      while [Samuel] was in the store
[she] went over to the pharmacy department to purchase [her] items;

 

2.     without any fault of [Samuel], [she] slipped and fell in the main isle
[sic] adjacent to the pharmacy department;

 

3.     prior to [her] fall, [Samuel] did not see any warning signs posted in the
store warning customers . . . of the potentially dangerous condition in the
store;

 

4.      [Samuel] did not cause to have any
liquid thrown on the floor at the pharmacy department;

 

5.     that there were no signs put up by [Wal-Mart] warning [Samuel] or its
customers about the potentially dangerous condition on the floor in that
department;

 

6.     that [Samuel] slipped and fell on the floor at the main isle [sic]
adjacent to the pharmacy in [Wal-mart’s] store; and

 

7.     that as a result of the fall, [Samuel] became injured.

 

Though Samuel’s affidavit shows that she
lacked notice of any dangerous conditions on the floor, none of the averments
in her affidavit address the issue of Wal-Mart’s
actual or constructive notice of a hazardous condition in its store. As such,
she failed to raise a fact issue on the challenged element of Wal-Mart’s actual
knowledge or constructive notice. Thus, the trial court properly granted
Wal-Mart’s motion for summary judgment on no-evidence grounds.  Because Samuel failed to produce more than a scintilla of evidence raising
a genuine issue of material fact on the challenged element of her claim, we
need not analyze whether Wal-Mart met its burden on its motion for summary
judgment on traditional grounds.  See Ridgway,
135 S.W.3d at 600.

CONCLUSION

          We overrule Samuel’s sole issue on
appeal.  We affirm the judgment of the
trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.