

NUMBER 13-09-00250-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI ‑ EDINBURG

---

MARY I. LUNA,                                                                                    Appellant,

v.

STRIPES LLC,                                                                                    Appellee.

---

### On appeal from County Court at Law No. 3
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

This appeal arises from an alleged slip-and-fall incident at a convenience store located in Robstown, Texas.  Appellant Mary Luna appeals a summary judgment granted in favor of appellee Stripes LLC ("Stripes") on a premises liability claim.  By two issues, Luna contends that the trial court erred in granting summary judgment because Luna

raised a fact issue as to whether: (1) Stripes had constructive notice of melted ice on its floor; and (2) a beer display presented an unreasonably high risk of injury. We affirm.

## I. Factual and Procedural Background

On September 15, 2006, at around 7:50 p.m., Mary Luna entered a Stripes convenience store at 100 W. Avenue J in Robstown, Texas. Luna proceeded to the rear of the store, picked out a single bottle of Sprite from a merchandise display, and immediately proceeded to the cash register. As Luna approached the sales counter, she slipped, fell, and landed in a seated position. A store employee filled out an incident report because Luna stated that she had injured her right arm and, as a result, could not fill out the form herself.

On September 17, 2007, Luna filed a negligence lawsuit based upon a premises liability claim. On October 6, 2008, following discovery, Stripes filed a combined no-evidence and traditional motion for summary judgment.[1] Luna timely responded on October 24, 2008, attaching evidence to her response. On February 5, 2009, without specifying the grounds for its ruling, the trial court granted Stripes's motion for summary judgment. This appeal followed.

---

[1]Stripes alleged the following grounds for summary judgment: (1) Luna possessed no evidence demonstrating a condition existed upon the premises which posed an unreasonable risk of harm to her; (2) Luna possessed no evidence that Stripes failed to exercise reasonable or ordinary care to reduce or eliminate the specific risk made the basis of the lawsuit; and (3) Luna possessed no evidence to show Stripes's alleged failure to use or exercise reasonable care to reduce or eliminate the specific risk at issue proximately caused Luna's injuries. As evidence, Stripes attached portions of Luna's deposition as well as portions of the deposition of Tammy Schanen, one of the store's employees on duty at the time of the incident.

On January 7, 2009, Stripes filed an amended original answer generally denying all allegations in Luna's second and third amended petitions. Stripes also specifically denied possessing constructive knowledge of any purportedly dangerous condition on the premises and that if any condition did exist it did not pose an unreasonable risk of harm. Stripes further denied failing to exercise reasonable care and proximately causing Luna's injuries.

## II. Standard of Review and Applicable Law

Stripes's motion for summary judgment was a combined "traditional" and "no-evidence" motion. *See* Tex. R. Civ. P. 166a(c), (i). When a party moves for summary judgment under both rules 166a(c) and 166a(i), "[we] first review the trial court's summary judgment under the standards of rule 166a(i)." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

### A. No-Evidence Summary Judgment

Because a no-evidence summary judgment is essentially a pre-trial directed verdict, we utilize the legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Therefore, evidence is reviewed in the light most favorable to the non-movant, "disregarding all contrary evidence and inferences." *Id*. at 751. "'A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.'" *Id*. (quoting *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

Under rule 166a(i), the burden is on the non-movant—here, Luna—to produce summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). To defeat a motion for no-evidence summary judgment, the non-movant need only produce evidence that raises a fact issue on the challenged elements; the non-movant is not required to marshal its proof. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). Thus, a no-evidence summary judgment is improper if the non-movant raises

a genuine issue of material fact by producing more than a scintilla of summary judgment evidence. *King Ranch, Inc.*, 118 S.W.3d at 751; *Ridgway*, 135 S.W.3d at 600; *see Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.–San Antonio 1998, pet. denied). More than a scintilla of evidence exists when the evidence would enable "'reasonable and fair-minded people to differ in their conclusions.'" *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). Less than a scintilla of evidence exists when the evidence does nothing more than "create a mere surmise or suspicion" of fact. *King Ranch, Inc.*, 118 S.W.3d at 751. If the non-movant fails to produce more than a scintilla of evidence as to a genuine issue of material fact, then there is no need to analyze whether her proof satisfied Rule 166a(c). *Ridgway*, 135 S.W.3d at 600.

### B. Traditional Summary Judgment

We review a traditional motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.). The evidence is reviewed in the light most favorable to the non-movant, and the moving party bears the burden of proof in showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Fielding*, 289 S.W.3d at 848; *Branton*, 100 S.W.3d at 646. In determining whether a genuine issue of material fact exists, "evidence favorable to the non-movant will be taken as true, and all reasonable inferences made and all doubts resolved in the non-movant's favor." *Branton*, 100 S.W.3d at 646 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). When reviewing a summary judgment, we must consider whether reasonable and fair-minded

4

jurors could differ in their conclusions in light of all of the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). If the movant can disprove at least one element of the plaintiff's claim, summary judgment is proper. *Branton*, 100 S.W.3d at 646.

### C. Premises Liability

Luna entered the Stripes location in Robstown as an invitee of the store. An invitee is someone who enters upon another's land, with the knowledge of the owner, and for the mutual benefit of both parties. *Motel 6 G.P. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (citing *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)). As its invitee, Stripes owed Luna "a duty to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable . . . ." *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Although a duty to exercise reasonable care existed, Stripes was not an insurer of Luna's safety. *Id*.

In a slip-and-fall case, the plaintiff must plead and prove four elements: (1) the premises owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the premises owner did not exercise reasonable care to reduce or to eliminate the risk; and (4) the premises owner's failure to use such care was the proximate cause of the plaintiff's injury. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). A premises owner—here, Stripes—has constructive knowledge of a condition when: "(1) the defendant places the substance on the floor; (2) the defendant actually knew the substance was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores*, 81 S.W.3d at 814. The proximate

5

cause element of premises liability comprises of two components: cause-in-fact and foreseeability. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). The test for cause-in-fact, or "but for" causation, is two-fold: (1) whether the act or omission was a substantial factor in causing the injury; and (2) without the act or omission, the harm would not have occurred. *Id*. A finding of cause-in-fact may not be based upon "mere conjecture, guess or explanation"; rather, it must be based on either direct or circumstantial evidence. *Id*.

### III. ANALYSIS

In its motion for summary judgment, Stripes asserted: (1) Luna possessed no evidence demonstrating a condition existed upon the premises which posed an unreasonable risk of harm to her; (2) Luna possessed no evidence that Stripes failed to exercise reasonable or ordinary care to reduce or eliminate the specific risk made the basis of the lawsuit; and (3) Luna possessed no evidence to show Stripes's alleged failure to use or exercise reasonable care to reduce or eliminate the specific risk at issue proximately caused Luna's injuries. Luna's response to the motion for summary judgment contained arguments, supported by authority, for the first two grounds asserted by Stripes. Luna briefly discussed proximate cause in her response to the motion but did not support it with any authority or citations to evidence. Nonetheless, because Luna responded to the proximate cause ground in her reply to the motion for summary judgment, we conclude the issue was properly preserved for appeal. *See* TEX. R. APP. P. 33.1.

By two issues, Luna contends that the trial court erred in granting summary judgment because Luna raised fact issues as to: (1) whether Stripes had constructive notice of melted ice on its floor; and (2) whether a beer display presented an unreasonably

6

high risk of injury. However, in her appellate brief, Luna does not address the issue of proximate cause, a ground raised in Stripes's no-evidence motion for summary judgment.

Here, the order for summary judgment did not specify the grounds on which it was granted, and we must affirm a trial court's order granting summary judgment if any of the summary judgment grounds are meritorious. *See Progressive County Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009). Because the grounds for which the order was granted were not specified, Luna is required to defeat all grounds on which the motion was filed. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Given that Luna failed to attack each independent ground listed in Stripes's motion for summary judgment, she cannot prevail on appeal. Stripes asserted that Luna possessed no evidence to show Stripes's alleged failure to use or exercise reasonable care to reduce or eliminate the specific risk at issue proximately caused Luna's injuries, and Luna wholly fails to address this ground in her brief. We therefore conclude that the trial court did not err by granting summary judgment to Stripes on this basis. Luna's issues are therefore overruled.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
15th day of July, 2010.

7