**Ake NYGREN, Plaintiff-Appellant,**

v.

**AMERICAN BOAT CARTAGE, INC.,
Defendant-Appellee.**

**No. 376, Docket 26354.**

United States Court of Appeals
Second Circuit.

Argued May 5, 1961.

Decided May 23, 1961.

Charles H. Lawson, New York City (Gay & Behrens and Edward J. Behrens, New York City, on the brief), for plaintiff-appellant.

Paul M. Jones, New York City (Cichanowicz & Callan and Victor S. Cichanowicz, New York City, on the brief), for defendant-appellee.

**548**

Before LUMBARD, Chief Judge, and HINCKS and MOORE, Circuit Judges.

## PER CURIAM.

■ Plaintiff was engaged in making repairs on the S.S. Kalo, a vessel lying at anchor in New York harbor, and was to be returned to shore to get additional parts, as a passenger for hire aboard defendant's water taxi. He was injured when he jumped from the Kalo's accommodation ladder and landed on rope "flaked" but not coiled on the taxi's deck instead of the railing for which he aimed. Federal jurisdiction was based on diversity of citizenship, and the action was tried to the court sitting without a jury. Judge Levet found defendant negligent in failing to provide a reasonably safe means of ingress to the taxi by failing to provide an extra crewman to assist persons boarding, to advise them of the proper time to descend, to clear an area on which to land, and to hold the vessel stationary. But he found that "plaintiff's conduct was not that of a reasonably prudent man. To claim that as a practical matter the plaintiff was forced to use the method of ingress he adopted, or to point out that other employees used the same means would not relieve him from that standard of care." Since this was a maritime tort, the admiralty doctrine of comparative negligence governed. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143. Under that doctrine, Judge Levet found that plaintiff was equally at fault with defendant and accordingly reduced his recovery by fifty per cent. Both parties appeal.

■■ Defendant's principal claim is that recovery is barred because of plaintiff's "assumption of the risk." "Assumption of the risk" is a phrase of shifting meaning and is here being used to indicate a form of contributory negligence, Sanderson v. Berkshire-Hathaway, Inc., 2 Cir., 245 F.2d 931, 934, and therefore would not bar recovery but only reduce damages. See Palermo v. Luckenbach S.S. Co., 355 U.S. 20, 78 S.Ct. 1, 2 L.Ed.2d 3, reversing 2 Cir., 246 F.

2d 557; Pope & Talbot, Inc. v. Hawn, supra; Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265. Defendant also challenges the conclusion as to its own negligence, but that conclusion is fully supported by the facts. Likewise so supported is the conclusion that plaintiff's negligence contributed equally to his accident. The defendant did not invite plaintiff to jump when he did. For aught that appears, a few moments later the taxi would have been more conveniently placed or the accommodation ladder lowered.

Affirmed.