Johnny L. **BOUDREAUX**, Plaintiff-
Appellant,

v.

SEA DRILLING CORPORATION,
Defendant-Appellee.

No. 28968.

United States Court of Appeals,
Fifth Circuit.

June 17, 1970.

Russell T. Tritico, Lake Charles, La., for plaintiff-appellant.

W. K. Christovich, Charles E. Lugenbuhl, New Orleans, La., for defendant-appellee.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

PER CURIAM:

The plaintiff-appellant, Johnny L. Boudreaux, worked on an offshore drilling location in navigable waters in the Gulf of Mexico. Sea Drilling Corporation, defendant-appellee, operated a diesel-powered drilling rig mounted on a stationary platform. Boudreaux, an experienced oil field worker, was a "driller" or foreman directly in charge of the drilling crew and second man in charge of the rig. He was injured when a wire rope on a crane broke. The crane was being used to lower the "widow maker" to the bow or poop deck of the drilling tender. A widow maker is a heavy (18,-000 pounds or more) ramp permanently affixed to the drilling platform which connects with the upper bow deck of the tender for the movement of personnel and pipe or other material. When lowered to the deck of the tender it fits into a dolly set on tracks. It is lowered either by use of an air hoist designed and used solely for that purpose or, as was being done in this case, by the use of the unit crane located on the drilling platform itself. Boudreaux had positioned himself on the bow ramp itself, where he was giving signals to the crane operator. The single-strung cable which Boudreaux had rigged to the ramp snapped or broke after the

ramp had been lowered several feet, and the plaintiff was thrown to the deck of the tender, resulting in his injuries.

The plaintiff sued under the Jones Act (46 U.S.C. § 688). The trial judge rendered detailed findings of fact and conclusions of law. He held that no evidence whatever of any negligence on the part of Sea Drill or any member of the drilling crew was established; that the plaintiff had failed to establish any unseaworthiness of the vessel; that the evidence did establish that the accident occurred solely as the result of plaintiff's own negligence.

The record fully supports the findings [1] and conclusions of the trial judge.[2] The plaintiff himself was in full charge of the operation. He himself, chose, in violation of custom on the drilling platform and ordinary operating procedure to use only a single line when he was concerned about the fact that the line was only single. As found by the trial judge, there was no reason why the plaintiff could not and should not have rigged the line correctly by doubling or tripling it. There was no convincing evidence that the cable, called upon to lower a load somewhat in excess of its safety factor adjusted capabilities, was defective. On the other hand, the evidence shows that the plaintiff knew that it was unsafe to position himself on the bow ramp and then have it lowered any distance. These separate acts of negligence on the part of the plaintiff himself brought about his own unfortunate accident. He cannot use them as the basis for any recovery against his employer.

The judgment is affirmed.

1.
   18.
   From the facts and circumstances found above, we conclude that proper equipment was available to raise and lower the "widow maker," that the crane was not being used for the purpose for which it was intended and that if, as a result of custom or ordinary practice, the crane be held to have been intended to be used for lowering of the ramp, such intended use was with double or triple cable and that the plaintiff, who was an experienced driller, was negligent for failure to use reasonable care by not using safe equipment (the air hoist) particularly provided for raising and lowering the "widow maker," in failing to double or triple the crane cable when electing to use the crane rather than the air hoist, in attempting to ride the "widow maker" into position and in failing to take sufficient number of men to properly lower the "widow maker," if more than the number taken were required, which fact is not established to our satisfaction in this record.
   19.
   The plaintiff has failed to prove that his injuries resulted from any negligence on the part of his employer or unseaworthiness of the vessel. The evidence does establish that the accident occurred solely as a result of plaintiff's negligence.

2. The accident occurred at "the very moment of the negligent use." In the circumstances, the trial court properly disallowed the plaintiff's claim. Marshall v. Ove Skou Rederi A/S, 5 Cir. 1967, 378 F.2d 193; Robichaux v. Kerr-McGee Oil Industries, Inc., 5 Cir. 1967, 376 F.2d 447; Reynolds v. Royal Mail Lines, 9 Cir. 1958, 254 F.2d 55; The Tawmie, 5 Cir. 1936, 80 F.2d 792; Taylor v. SS Helen Lykes, E.D.La.1967, 268 F.Supp. 932.