564 F.Supp. 612 (1983)
In re The VALLEY LINE COMPANY, Owner of the M/V A.D. Haynes, in an action for exoneration from and/or limitation of liability, Plaintiff.
No. 82-0432A(3).
United States District Court, E.D. Missouri, E.D.
May 12, 1983.
*613 Raymond L. Massey, Thompson & Mitchell, St. Louis, Mo., for plaintiff.
Jerome J. Schlichter, Cohn, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., Leo M. Newman, Newman & Bronson, St. Louis, Mo., claimant Michael Ryan.

MEMORANDUM
HUNGATE, District Judge.
Pursuant to the Court's order of December 10, 1982, the injunction initially entered in this matter prohibiting the prosecution of any collateral actions against the plaintiff or the M/V A.D. Haynes (Haynes) was vacated. In its memorandum, the Court noted that plaintiff had failed to comply with notice requirements imposed under Supplemental Rule F of the Federal Rules of Civil Procedure relating to admiralty claims. It was also noted that prior to the December 10 order, only one claim had been filed in this proceeding in an amount which did not exceed the limitation fund. For these reasons, the motion of the sole claimant, Michael Ryan, to dissolve the injunction was granted.
The Court had occasion to reconsider the issue of enjoining collateral proceedings based on plaintiff's motion to reinstate the original injunction. That motion was denied February 1, 1983, despite the plaintiff's tardy compliance with notice requirements made pursuant to order of Court. In denying the motion, the Court expressed reservations which precluded its exercise of equitable powers, in view of allegations by Ryan that two of plaintiff's affiliated corporations had been paid in full with respect to their claims stemming from the accident of March 19, 1982, involving the Haynes. While making no finding as to those allegations, the Court deemed reinstatement of the injunction improvident without further development of the record.
A bench trial regarding all issues touching upon the right to limitation was conducted March 21, 1983. Based upon the evidence received and upon the entire record of this cause, the Court finds that no procedural, substantive, or equitable considerations remain which suggest that the Court should refrain from enjoining collateral proceedings related to the subject matter of this action. Furthermore, in accordance with the findings of fact, conclusions of law, and judgment entered this day in favor of plaintiff, The Valley Line Company, granting limitation of liability, the Court will reinstate the injunction previously vacated by its order of December 10, 1982.

JUDGMENT
In accordance with the memorandum of the Court filed this day, which is incorporated into and made a part of this judgment,
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be and the same is entered in favor of plaintiff, The Valley Line Company, pursuant to the Limitation of Liability Act, 46 U.S.C. § 181 et seq. Plaintiff's liability stemming from the subject matter of this action shall be limited to the value of its interest in the M/V A.D. Haynes immediately following the accident of March 19, 1982, which gave rise to this action.
Pursuant to the Court's order of March 1, 1983, bifurcating certain matters for trial,
IT IS HEREBY FURTHER ORDERED that all issues relating to damages based on claims previously filed by the parties herein shall be tried to the Court in a nonjury hearing on the trial docket commencing Monday, July 18, 1983, at 9:30 a.m.
IT IS HEREBY FURTHER ORDERED that appropriate pretrial materials shall be filed with the Court, in accordance with the order of court relating to trial entered July 20, 1982, with regard to the hearing on damages, no later than ten days prior to the date set for such hearing.

*614 MEMORANDUM
This proceeding in admiralty is before the Court for decision on the merits following a bench trial conducted March 21, 1983, pursuant to the Court's order of March 1, 1983, bifurcating the trial of certain issues. Plaintiff, The Valley Line Company, owner of the M/V A.D. Haynes, seeks relief under the Limitation of Liability Act, 46 U.S.C. § 181 et seq., stemming from a collision on the Upper Mississippi River on March 19, 1982. Trial of all issues regarding plaintiff's claims for limitation as to liability for injuries, losses, and damages occasioned by the collision was tried separately on March 21, 1983, the Court having expressly reserved all issues relating to damages for hearing at a later date.
Having considered the pleadings, trial testimony, exhibits, stipulations, and memoranda of the parties, and being fully advised in the premises, the Court hereby makes and enters the following findings of fact and conclusions of law. Fed.R.Civ.P. 52.

Findings of Fact
1. Plaintiff, The Valley Line Company, is a corporation organized and existing under the laws of the State of Delaware and is the owner of the M/V A.D. Haynes.
2. Robert B. Miller and Associates, Inc. (Miller, Inc.) is and was at all relevant times a corporation organized and existing according to law.
3. Blue River Transportation Company, a limited partnership, and Robert B. Miller, Jr., the general partner thereof (Blue River) is and was at all relevant times a Missouri limited partnership. Robert B. Miller, Jr., an individual, is and was at all relevant times the general partner of said partnership.
4. Great American Life Insurance Company (Great American) is and was at all relevant times a corporation organized according to law.
5. Bethlehem Steel Corporation (Bethlehem) is and was at all relevant times a Delaware corporation with its principal place of business in Bethlehem, Pennsylvania.
6. Cargill, Inc. (Cargill) is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.
7. Arrow Transportation Company (Arrow) at all material times was a corporation duly organized and existing under law.
8. The M/V A.D. Haynes is an all steel, twin screw, 6000 horsepower river towboat with dimensions of 200 feet in length, a forty-five foot beam, and forty feet in height.
9. On March 19, 1982, the M/V A.D. Haynes was southbound on the Upper Mississippi River at or about Mile 43.5 with eighteen loaded barges in tow and had an accident whereby the barges in its tow came in contact with the Thebes Bridge. At that time, the master of the M/V A.D. Haynes was Captain Glenn E. Morris who was at the helm.
10. Prior to and at the time of the accident, The Valley Line Company employed due diligence to make, and the M/V A.D. Haynes was in fact, tight, staunch, strong, and in all respects seaworthy and fit for the service in which it was engaged.
11. The eighteen-barge tow was made up four barges wide and five barges long, with a two-barge notch on the port head. The tow in operation was not excessive or heavy with respect to the capacity of the M/V A.D. Haynes. The tow was properly wired together.
12. The weather was hazy and cloudy at the scene of the accident. Weather conditions did not contribute to or cause the accident, nor did they interfere with navigation in any respect.
13. Grays Point is at a bend in the river north of Thebes Bridge. Captain Morris "flanked" Grays Point in preparation to his approach to the Thebes Bridge. Because of a rock formation below the bridge and a river "set," a lateral drift in the current present at the bridge, proper navigation of passage beneath it requires a hard steer to port (toward the east pier) as the first tier of barges clears the bridge piers. The set *615 normally carries the tow in a westerly direction.
14. As the Haynes proceeded southbound at approximately 11:30 p.m. on March 19, 1982, between the east and west piers of the bridge, the set carried the tow towards the west pier. Two barge lengths cleared the passage, but the third barge in the starboard string made contact with the west pier.
15. The third, fourth, and fifth starboard barges scraped the west pier. The tow and the boat broke up and numerous barges drifted free down river.
16. Captain Morris is a captain licensed by the United States Coast Guard and was a highly experienced pilot at the time of the impact with Thebes Bridge. In 1956, he received a master pilot's license which was renewed by written Coast Guard examination every five years since 1956. The license is applicable to all inland rivers, including the Upper and Lower Mississippi River. Prior to 1956, Captain Morris worked his way up from deckhand to mate and then to the wheelhouse. Captain Morris retired in August, 1982, for reasons not connected with this accident.
17. The predominant cause of the collision of the M/V A.D. Haynes tow with the Thebes Bridge was the navigational error of the pilot, Captain Morris, in failing to place the tow close enough to the east pier to compensate for the force of the river set toward the west pier.
18. On or about March 19, 1982, claimant Blue River was the owner of a covered river hopper barge No. RM-39B. Miller, Inc., was the operator of said barge. Barge RM-39B was damaged when it was struck, on or about March 19, 1982, by one or more of the barges from the tow of the M/V A.D. Haynes at or about Mile 23, Upper Mississippi River.
19. On or about March 19, 1982, claimant Great American was the owner of Barge RM-228B, a river hopper barge, and Miller, Inc., was the operator of Barge RM-228B. Barge RM-228B was damaged when it was struck on or about March 19, 1982, by one or more of the barges from the tow of the M/V A.D. Haynes.
20. On or about March 19, 1982, claimant Bethlehem was the owner, shipper, and/or consignee of a certain cargo of steel sheets that was contained in river barge VL-81407. Barge VL-81407 was in the tow of the M/V A.D. Haynes when said vessel and/or its tow was caused to collide with the Thebes Bridge, causing damage to steel sheets contained in VL-81407.
21. On or about March 19, 1982, claimant Cargill was the owner, shipper, and/or consignee of a certain cargo of soybeans that was contained in river barge RF-467B, when said barge was in the tow of the M/V A.D. Haynes, when said vessel and/or its tow collided with the Thebes Bridge on the Mississippi River. As a result of said collision, said cargo of soybeans and Barge RF-467B were damaged.
22. On or about March 19, 1982, claimant Arrow was the owner and/or operator of Barges ATC-807 and ATC-1209 which were moored at or near a Cargill facility at Buffalo Island on the Mississippi River.
23. On or about March 19, 1982, the M/V A.D. Haynes and/or its tow collided with the Thebes Bridge, causing barges to break out of tow, float downstream, and collide with Barges ATC-807 and ATC-1209, causing damage to said barges and to a portion of Cargill's dock facility at Buffalo Island.
24. Claimant Michael Ryan was a deckhand employed by the plaintiff onboard the M/V A.D. Haynes on March 19, 1982. The evidence established that Ryan was an experienced deckhand having begun work for plaintiff in 1980 with two and one-half years' previous experience as a deckhand on the river.
25. At approximately 11:30 p.m., Ryan went to wake up some of the crew members on the afterwatch. As Ryan walked down the port side of the vessel, he noticed that the tow was out of shape. At that time, Ryan stepped inside the engine room and he and the engineer looked out the engine room door on the starboard side. Ryan *616 went inside the engine room because he did not want to be outside with flying wires. Approximately two minutes after the initial impact, Ryan ventured out on the port side of the vessel and headed toward the head of the vessel. Before going out on the port side, a danger signal or general alarm had been sounded. Ryan knew when he ventured out on the port side of the boat that wires had been breaking, that a danger signal or general alarm had sounded, and that customary procedure on the river prohibits being outside when wires are breaking. Ryan ventured out onto the port side of the vessel without direction from any other person and based on his own decision. Approximately thirty seconds after venturing out, Ryan was struck in the leg.
26. Ernie Conder, a watchman at the time, testified that he knew wires were breaking and did not venture outside because he knew he might be struck by a broken wire. According to Conder, it is against river rules to be outside when wires are breaking.
27. Claimant Ryan's own actions were a major cause of his injuries. Ryan chose to occupy a position known to be unsafe when a safe place was readily available. If he had not left the safe confines of the engine room, the injury would not have occurred.
28. Evidence introduced of record established that after the collision, the M/V A.D. Haynes had a fair market value of approximately $900,000, subject to a margin of appraisal variation of plus or minus five percent of the aforesaid figure.

Conclusions of Law
1. The Court has jurisdiction of this proceeding under 28 U.S.C. § 1333, heard in accordance with Fed.R.Civ.P. 9(h) and Rules A and F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.
2. In a proceeding for limitation of liability under 46 U.S.C. § 183, the shipowner has the burden of proving lack of "privity or knowledge." Coryell v. Phipps, 317 U.S. 406, 409, 63 S.Ct. 291, 292, 87 L.Ed. 363 (1943). Facts are to be established in accordance with such burden by a preponderance of the evidence. Waterman Steamship Corporation v. Gay Cottons, 414 F.2d 724, 738 (9th Cir.1969).
3. The question of whether or not there is privity or knowledge on the part of a shipowner turns on the facts in each individual case. Coryell v. Phipps, supra 317 U.S. at 411, 63 S.Ct. at 293; Gibboney v. Wright, 517 F.2d 1054, 1057 (5th Cir.1975).
4.
To sustain its burden of proof a defendant must show how the loss occurred, together with its lack of privity to or knowledge of the asserted cause. If it cannot show how the loss occurred, a defendant must exhaust all the possibilities and show that as to each it was without the requisite privity or knowledge. The S.S. Hewitt, 284 F. 911 (S.D. N.Y.1922) (footnote omitted).
Terracciano v. McAlinden Construction Co., 485 F.2d 304, 307-08 (2d Cir.1973).
5. Limitation of liability is available to the shipowner if the causes of the accident were not within the privity and knowledge of managing officers or supervisory employees. E.g., Coryell v. Phipps, supra 317 U.S. at 410, 63 S.Ct. at 293; Complaint of Allied Towing Corporation, 409 F.Supp. 180, 188 (E.D.Va.1976).
6. The knowledge attributable to managing officers and supervisory employees is not limited to what they in fact know. Knowledge also includes "... the means of knowledge  of which the owner or his superintendent is bound to avail himself  of contemplated loss or condition likely to produce or contribute to loss, unless appropriate means are adopted to prevent it." The Cleveco, 154 F.2d 605, 613 (6th Cir.1946); see Monsanto Company v. Port of St. Louis Investments, Inc., 350 F.Supp. 502, 519 (E.D.Mo.1972).
7. A navigational error in the way of miscalculation by a master resulting in a collision by a barge being towed by a river towboat does not affect the owner's right to limit his liability. Petition of Bloomfield *617 Steamship Company, 422 F.2d 728, 736 (2d Cir.1970); Hogge v. S.S. Yorkmar, 434 F.Supp. 715, 739 (D.Md.1977).
8. Where a maritime worker continues to work under conditions known to be dangerous and is injured, he may be found to be contributorily negligent. DuBose v. Matson Navigation Company, 403 F.2d 875, 879 (9th Cir.1968); Muller v. Lykes Bros. Steamship Company, Inc., 337 F.Supp. 700, 705 (E.D.La.1972).
9. Claimant Ryan was contributorily negligent in choosing to enter an area known to be unsafe when a safe place was readily available, thus violating established custom and ordinary operating procedure under the circumstances. Ryan's contributory negligence was a proximate cause of the injury incurred by him and his recovery of damage must be reduced by the percentage of his contributory negligence, which percentage the Court finds to be fifty percent. Id. at 705-06, aff'd, 468 F.2d 951 (5th Cir.1972); see Boudreaux v. Sea Drilling Corporation, 427 F.2d 1160 (5th Cir.1970); DuBose v. Matson Navigation Company, supra at 879.
10. Pursuant to Supplemental Rule F and orders of this Court relating thereto, the plaintiff has complied with all necessary procedural requirements under which limitation of liability is sought.
11. The evidence was insufficient to establish that plaintiff engaged in any form of preferential treatment with respect to its affiliated corporations, Missouri River Barge Lines and Flowers Transportation, through receipt of hull insurance proceeds from third party underwriters.
12. The plaintiff carried the burden of proving lack of privity and knowledge in connection with the collision and resulting injuries which occurred March 19, 1982. The accident took place without the privity or knowledge of The Valley Line Company, the owner of the M/V A.D. Haynes.
Pursuant to the Court's order of March 1, 1983, bifurcating trial as to issues regarding limitation of liability and as to issues relating to damages, the Court makes no findings or conclusions regarding the extent of any damages incurred by any claimant herein.
In view of the foregoing findings and conclusions, plaintiff is entitled to limit its liability to the value of the M/V A.D. Haynes as previously determined herein.